■ In the Matter of SEASIA D. MR. ANONYMOUS et al., Appellants; KAREEM W., et al., Respondents. TYNEISHA D., Nonparty. [808 NYS2d 415]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, the petitioners appeal from an order of the Family Court, Queens County (DePhillips, J.), dated April 5, 2005, which granted the application of Kareem W. to disqualify their counsel pursuant to Social Services Law § 374 (6) and at the conclusion of the proceedings, referred the matter to the Appellate Division, Second Department Disciplinary Committee for the Second and Eleventh Judicial Districts, and the Queens County District Attorney's office for further action pursuant to Social Services Law § 389 (2).

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the application of Kareem W. to disqualify the petitioners' counsel pursuant to Social Services Law § 374 (6) is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see Family Ct Act § 1112); and it is further,

Ordered that the appeal from so much of the order as, sua sponte, at the conclusion of the proceedings, referred the matter to the Appellate Division, Second Department Disciplinary Committee for the Second and Eleventh Judicial Districts, and the Queens County District Attorney's Office for further action pursuant to Social Services Law § 389 (2), is dismissed, without costs or disbursements, as the petitioners are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, without costs or disbursements, and the application of Kareem W. to disqualify the petitioners' counsel pursuant to Social Services Law § 374 (6) is denied.

The nonparty, Tyneisha D., gave birth to the subject child, Seasia D., out-of-wedlock. The father was not named. Tyneisha D. surrendered the child to the respondent Family Focus Adoption Services (hereinafter FFAS) and the child was placed for adoption with the petitioners. Approximately three weeks later, the respondent Kareem W. filed petitions seeking a determination as to paternity, and seeking custody and visitation. Tyneisha D. retained the services of attorney Deana Balahtsis

to challenge Kareem W.'s claim of paternity. However, after a DNA test indicated that Kareem W. was the biological father, Balahtsis' representation of Tyneisha D. was terminated. Approximately one month later, the petitioners retained Balahtsis to represent them in this adoption proceeding. Kareem W. made an oral application to disqualify Balahtsis as counsel for the petitioners pursuant to Social Services Law § 374 (6). The Family Court granted the application. We reverse.

Social Services Law § 374 (6) was enacted in 1989 to remedy abuses by out-of-state adoption agencies which were charging "excessive and unconscionable fees" for arranging adoptions for New York State couples, but who were not subject to jurisdiction in New York (*see* Mem of Sen. Mary B. Goodhue in Support, Bill Jacket, L 1989, ch 314). In relevant part, Social Services Law § 374 (6) provides: "No attorney or law firm shall serve as the attorney for, or provide any legal services to both the natural parents and adoptive parents." The legislative history reveals that the purpose of this provision was to "specifically preclude unethical behavior by attorneys who assist in arranging adoptions and, despite the obvious conflict of interest, persist in representing both parties to the adoption" (Mem of Dept of Social Services, Bill Jacket, L 1989, ch 314). The provision "addresses the concern that the natural parent would not be adequately represented by an attorney who also has a financial interest in seeing that the adoptive placement is made. Natural parents should be given unbiased legal advice so that an informed and knowledgeable decision on giving up their children can be made" (*id.*) Here, these portions of Social Services Law § 374 (6) are not implicated.

At no time did Balahtsis represent Kareem W. Thus, Kareem W. could not have been denied the unbiased and adequate legal representation that Social Services Law § 374 (6) was designed to assure. Further, to the extent that Kareem W. may nonetheless seek to invoke the statute's protections, it is undisputed that Balahtsis did not represent Tyneisha D. at the time she surrendered the child for adoption, and Balahtsis played no role in the same. Indeed, there is no evidence in the record that Balahtsis ever represented Tyneisha D. concerning any aspect of the adoption. We note that this does not mean that Balahtsis' prior representation of Tyneisha D. cannot or will not give rise to a conflict of interest. Rather, we hold only that, on the record presented, Balahtsis' representation of the petitioners in this proceeding did not violate Social Services Law § 374 (6).

We note that, in light of our determination herein, there would not appear to be a basis for referring this matter to the

Disciplinary Committee or the District Attorney's office. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.